No. 28,028.

LEFTY DAWSON, *Appellee,* v. R. V. McMULLEN, *Appellant.*

(268 Pac. 826.)

Opinion filed July 7, 1928.

*S. F. Wicker* and *Homer V. Gooing,* both of Eureka, for the appellant.

*O. C. Zwicker,* of Eureka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for a balance due for wages. The pleaded defense was a general denial.

Judgment was entered for plaintiff, and the one question presented for review is whether there was *any* evidence to support the verdict on which that judgment was predicated.

The facts were these: Plaintiff was a tool dresser by occupation. He worked for a number of months at certain oil wells being drilled on leased ground near Toronto, where defendant was the man in charge of operations. Plaintiff testified (without objection) that defendant and others owned the lease where the drilling was being done. Plaintiff received wages from time to time, but eventually a considerable sum, $396, due him was not forthcoming and he spoke to defendant about it. Defendant said he did not have the money, but would get it for plaintiff in a day or two, and on the next day defendant's son brought plaintiff a check for $200, which left a balance of $196 due plaintiff, the amount of the judgment (with interest) brought here for review.

On defendant's behalf the evidence tended to show that an Oklahoma corporation entitled "The Eureka Drilling Company" was the employer for whom plaintiff had been working, and that defendant was merely its superintendent in charge of operations. Defendant testified that the headquarters of this corporation were at his private residence, and that defendant's wife was its treasurer. The wage checks by which plaintiff had been paid periodically, prior

to the default which provoked this lawsuit, had been signed in the name of this Oklahoma corporation by defendant's wife as treasurer.

However, it was shown on plaintiff's behalf, and, indeed, admitted by defendant, that the fact had never been explained to plaintiff that his employer was other than defendant himself. The testimony of defendant reads:

"I never did tell Lefty in so many words that he was working for the Eureka Drilling Company."

The evidence to support plaintiff's cause of action was not strong, but this court cannot yield to defendant's contention that there was a complete dearth of evidence to sustain the verdict and judgment. And the record as a whole makes it reasonably clear—at least a jury would be justified in making the inference—that the Eureka Drilling Company was but a nominal corporation, existing merely on paper, and that defendant was plaintiff's real employer. So far as concerned plaintiff, defendant personally gave all the manifestations and bore all the *indicia* of being the employer, even to the point of apologizing to plaintiff because he did not have the money to pay him his wages, but would pay him in a day or two. Pursuant to that apologetic remark and personal promise, he did pay or cause to be paid to plaintiff the larger part of the balance of wages due plaintiff, and this court cannot believe any injustice will be done by insisting that he likewise pay the remainder.

The judgment is affirmed.